## Kelley, District Attorney, v. Hadley, County Controller.

*Robert T. McCracken* and *James Gay Gordon,* for plaintiff.
*WillB. Hadley,* pro se.

. PER CURIAM, February 11, 1932.—This is a petition for a mandamus requiring the county controller to countersign a warrant for payroll submitted by the District Attorney of Philadelphia County, for the salaries of the personnel of his department for the first two weeks in January, 1932.

By ordinance passed December 31, 1931, city council appropriated, under section ten, to the district attorney's office $240,000 to personal service of regular employees as therein listed, and by section thirty-one of said ordinance a ten per cent. reduction in salaries was provided for all per diem and other employees whose salaries exceeded $1200 per annum; and by ordinance passed January 28, 1932, the sum of $38,400 was transferred by city council from the prior appropriation to the district attorney's office for personnel service, to unappropriated funds.

The city controller takes the position that by the Act of June 25, 1919, P. L. 581, he is enjoined from countersigning any warrant containing an item as to which there is not a sufficient balance for the payment thereof or which exceeds the appropriation therefor. He further contends that the ordinance of council, which makes the transfer of $38,400 from the appropriation to the district attorney to unappropriated funds, results in his being asked at this time to countersign a warrant for more than one-twenty-fourth of the entire amount appropriated.

A consideration of the statutes and decisions bearing upon the question involved requires us to conclude:

(1) With respect to officers whose salaries are fixed by statute, the city council is without power to reduce the salaries directly or indirectly. This necessarily applies to the district attorney, his assistants and the county detectives. The payroll submitted to the controller contains a voluntary reduction of ten per cent. We, therefore, are not called upon at this time to deal with the right of council to make that deduction.

(2) At least seventy-four of the clerks and employees in the district attorney's office receive salaries which have been, by agreement of the district attorney and city council, fixed at certain sums in the past and these identical sums are fixed in the appropriation of December 31, 1931. The question for

determination is whether or not the transfer of $38,400 from the appropriation to the district attorney is to be regarded as a reduction in the salaries of these employees. We cannot so regard it. A transfer from one department of the city government to another may be made at any time during a fiscal year. The amount transferred may be subsequently restored by transfer from other departments. Transfers from department to department have constantly been made in the past and we have never heard that warrants have been stopped as a consequence. If the ordinance stands with the transfer unaffected, it will be for the district attorney to determine during the course of the year how he is to deal with the situation. It is not for the court to suggest what method he shall adopt, nor is it for the controller. The appropriation in definite amounts having been made for certain officers and clerks in the district attorney's department, at any time when the salaries are earned, the head of the department is acting within his rights in presenting a payroll therefor. If the effect of the reduction by transfer will be to exhaust the appropriation before the end of the year, there is no reason why warrants for salaries should not be countersigned up to the time that exhaustion takes place.

Let peremptory writ issue.